Lawrence B. ALFS, Plaintiff,

v.

COMPAGNIE GENERALE TRANSAT-LANTIQUE, a Corporation D/B/A French Line, Defendant.

No. 63 C 8(3).

United States District Court
E. D. Missouri, E. D.

Sept. 9, 1963.

Gerald K. Rabushka, St. Louis, Mo., and Jack B. Schiff, Brentwood, Mo., for plaintiff.

Lucas & Murphy, St. Louis, Mo., for defendant.

REGAN, District Judge.

This matter is before the Court on defendant's motion to quash service and to dismiss for want of jurisdiction and lack of proper service in a diversity action. The motion was heard and submitted on testimony and suggestions of the parties.

The affidavit of its agent submitted by defendant and the testimony presented to the Court reveals that defendant has for two years operated an office in St. Louis, Missouri, by and through an employee designated as a general agent with an assistant and a secretary. All salaries are paid out of the New York office. The local office is listed in the telephone book, both in the regular listing and in the advertising listing. The New York office provides for advertisement in the St. Louis area. The general agent prepares tickets for passengers on defendant's line and delivers them for payment in 5 or 10 per cent of the sales in the St. Louis

area. Defendant maintains a bank account in the City of St. Louis upon which the general agent is empowered to draw funds, but which is primarily for the safekeeping of receipts until remittance to the New York office. There are also four or five independent travel agents in the area who sell tickets for passage on defendant's line, accounting for the remainder of the annual gross revenue of defendant in the St. Louis area totaling about $120,000.00. Defendant's ships do not dock or receive passengers in the state nor does defendant own or maintain any property in the state other than equipment for the general agent's office and the checking account. The alleged injury upon which this action is based occurred while plaintiff was a passenger on defendant's ship en route to France.

Defendant's motion denies that it is "doing business" in the State of Missouri and contends that it is, therefore, not amenable to service of process by service on its employee in the St. Louis office and that assumption of jurisdiction by this Court would be in contravention of the due process clause of the Fifth Amendment and Fourteenth Amendment of the Constitution of the United States and Section 10, Article 1, of the Constitution of Missouri, V.A.M.S.

The Federal question of whether or not requirements of due process are fulfilled is not reached until it is determined whether or not the defendant is amenable to in personam service of process in any manner in the State of Missouri. In order to be amenable to service of process, defendant must be "doing business" in the State. Expressions of the highest court of the state as to whether or not state courts would exercise jurisdiction under similar circumstances are controlling. Ark-La Feed & Fertilizer Co. v. Marco Chemical Co., 8 Cir., 292 F.2d 197; Doyle v. Southern Pac. Co., D.C., 87 F.Supp. 974. The facts involved in this case are very similar to those involved in the case of Hayman v. Southern Pacific Company, Mo., 278 S.W. 2d 749, where the Court held, citing Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916, that defendant railroad was not subject to suit in the state where the primary activities in the state were sales of passenger tickets on its line and solicitation of freight business. The Missouri Supreme Court gave considerable weight to the fact that the cause of action did not arise out of the activities carried on in Missouri, but arose out of an injury while plaintiff was a passenger on the defendant's railroad outside the state. Under the Hayman decision which declares the present status of Missouri law on similar facts as are presented in the state case, it is clear that the Missouri Courts would not exercise jurisdiction over defendant. Therefore, it is not necessary to determine the issue of due process.

In accordance with the foregoing it is ordered that the writ of service of process be and hereby is quashed, and the cause is dismissed without prejudice to bring it in a proper forum.