(621 P.2d 453)
No. 51,761

CORA ODAM, *Appellant,* v. ARTHUR MURRAY, INC., CHALDA, INC., and
EARL W. HAIRE, *Appellees.*
Petition for review denied February 20, 1981.

Opinion filed December 31, 1980.

*Wm. E. Scott* and *LaVone A. Daily* of Scott, Daily & Vasos, of Kansas City, for the appellant.

*Leland M. Shurin* of Horowitz & Shurin, P.C., of Kansas City, Missouri, and *James P. Lugar* of Lugar & Whitaker, of Kansas City, for the appellees.

Before FOTH, C.J., ABBOTT and SPENCER, JJ.

SPENCER, J.: Plaintiff commenced this action for damages on theories of deceptive and unconscionable practices, intentional infliction of emotional distress, fraud and misrepresentation. Personal service of summons was made on defendants outside the state. This appeal is from the order which dismissed plaintiff's action for want of in personam jurisdiction over any of the defendants.

The underlying facts are best summarized by findings entered by the trial court:

"1.   That on the 14th day of March, 1978, plaintiff Cora Odam filed her petition in four counts against the three defendants above named; that on the 17th day of April, 1978, defendants filed a Motion to Quash Summons and Return of Service and for Dismissal Because of Lack of Jurisdiction Over the Person; that discovery was had by the plaintiff on the jurisdictional questions until September, 1979.

"2. That plaintiff is an individual and a resident of Kansas City, Wyandotte County, Kansas.

"3 Defendant Arthur Murray, Inc. is a Delaware corporation and its principal place of business is located in Coral Gables, Florida.

"4. Defendant Chalda, Inc. is a Missouri corporation whose only place of business is in Kansas City, Jackson County, Missouri.

"5. Defendant Earl W. Haire is an individual and a resident of Kansas City, Jackson County, Missouri.

"6. Service of process on all three defendants was made outside of the State of Kansas.

"7. The business of Arthur Murray, Inc. is that of a franchisor; the business of Chalda, Inc. is the ownership and operation of one Arthur Murray franchised dance studio in Kansas City, Jackson County, Missouri.

"8. The relationship of Chalda, Inc. to Earl Haire is that of employer to employee; by the terms of the contract of employment entered into between Chalda, Inc. and Earl Haire, in May, 1972, Earl Haire's duties are those of a dance instructor.

"9. Plaintiff executed various contracts with Chalda, Inc. from October 4, 1974 through July 20, 1976. Each contract was executed by the plaintiff at the dance studio of Chalda, Inc. Payment of monies due under each of said contracts by plaintiff occurred at the dance studio of Chalda, Inc.

"10. Performance of each of said contracts by Chalda, Inc. in the form of dance instruction took place at the dance studio of Chalda, Inc.

"11. Earl Haire was one of thirteen dance instructors who taught plaintiff dance lessons under said contracts; each of said dance instructors was an employee of Chalda, Inc.

"12. In 1975, Earl Haire visited plaintiff at her residence in Kansas City, Wyandotte County, Kansas on two separate occasions. Each occasion was during non-working hours. Each visit was a social occasion and was at the invitation of the plaintiff. Earl Haire was accompanied by his daughter on each such occasion. There was no conversation at either such occasion concerning the Arthur Murray franchised dance studio or plaintiff's contracts with Chalda, Inc.

"13. Earl Haire was not acting as an agent or employee of Chalda, Inc., nor was he acting in the course or scope of his employment while he was visiting plaintiff at her residence on either occasion.

"14. Plaintiff, on unknown dates, prior to October 4, 1974, received one to four telephone calls from Chalda, Inc. inviting her to take dance lessons.

"15. During the periods, 1974, 1975 and 1976, Chalda, Inc. advertised in the Kansas City Star, Kansas City Times and the Kansas City Sunday Star.'

"16. The Kansas City Star, Kansas City Times and the Kansas City Sunday Star are all published and printed in the State of Missouri.

"17. Chalda, Inc. advertised on television and radio in the years 1974, 1975 and 1976. The television and radio advertising was placed with Missouri based stations.

"18. Chalda, Inc. advertised in the Southwestern Bell Greater Kansas City Yellow Pages in the years 1974, 1975 and 1976. This advertising was placed with the Missouri based Southwestern Bell Telephone Company business office.

"19. There is no showing by the plaintiff that any television, radio, newspaper or yellow page ads at any time had any effect on her or resulted in her executing any contract with Chalda, Inc.

"20. The total payments received by Chalda, Inc. in the years 1974, 1975 and 1976 from students who came from Kansas is $43,297.38; the total number of students of Chalda, Inc. who lived in Kansas during the said three year period is eighty-four."

The parties do not seriously dispute the accuracy of these findings and our review of the record reveals that each is supported by substantial competent evidence.

Plaintiff contends that jurisdiction was proper under either K.S.A. 60-308(*b*)(1) or K.S.A. 60-308(*b*)(7)(*i*).

At the outset we note that defendant Haire's social visits with plaintiff were outside the scope of his employment with defendant Chalda, Inc. Such necessitates affirmance of the trial court's finding of lack of in personam jurisdiction of Haire since such visits are the only allegations made upon which personal jurisdiction of that defendant could be based. No argument is made that a social visit falls within the ambit of either K.S.A. 60-308(*b*)(1) or (*b*)(7)(*i*). It is also to be noted that, so far as is applicable here, the business of Arthur Murray, Inc., is that of franchisor and there is nothing in this record to indicate that Arthur Murray, Inc., engaged in any of the activities or transactions of which plaintiff complains. Each of the student enrollment agreements, signed by plaintiff and attached as exhibits to her petition, sets forth in bold type:

"AS STUDENT, I UNDERSTAND AND AGREE THAT THIS AGREEMENT IS MADE BY ME SOLELY WITH THE BELOW NAMED OWNER OF THE STUDIO, AS SELLER, AND DOES NOT DIRECTLY OR INDIRECTLY CONSTITUTE AN AGREEMENT WITH OR AN OBLIGATION OF ARTHUR MURRAY, INC."

Although it is alleged that defendants were agents, each for the other, there is nothing to support that allegation.

K.S.A. 60-308(*b*) provides:

"Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts:

"(1) The transaction of any business within this state . . . ."

The general rules regarding the connection between business relationships in this state and personal jurisdiction of a nonresident defendant under K.S.A. 60-308 were recently summarized by

this court in *Davis v. Grace,* 4 Kan. App. 2d 704, Syl. ¶¶ 1-4, 610 P.2d 1140 (1980):

"In personam jurisdiction over nonresidents under K.S.A. 60-308 is to be exercised to the full extent authorized by the due process clause of the Fourteenth Amendment to the United States Constitution.

"A nonresident individual may, by his own acts in business relationships with a Kansas resident, become subject to in personam jurisdiction in the State of Kansas so long as there exist 'minimum contacts' between the nonresident and the forum.

"Whether the requisite 'minimum contacts' between a defendant and the forum state exist must be decided on the facts of each case.

"Where sufficient 'minimum contacts' between a nonresident and the forum exist, the forum state may exercise in personam jurisdiction over the nonresident defendant consistent with the due process clause of the Fourteenth Amendment."

The leading Kansas case interpreting K.S.A. 60-308(*b*)(1) is *White v. Goldthwaite,* 204 Kan. 83, Syl. ¶ 3, 460 P.2d 578 (1969), wherein the following test was formulated:

"Three basic factors must coincide if jurisdiction is to be entertained over a nonresident on the basis of transaction of business within the state. These are (1) the nonresident must purposefully do some act or consummate some transaction in the forum state; (2) the claim for relief must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, considera-tion being given to the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

It has been noted that essentially the same factors which enter into a determination that K.S.A. 60-308(*b*) authorizes the exercise of judicial jurisdiction are involved in deciding whether the exercise of jurisdiction is constitutionally valid. *Woodring v. Hall,* 200 Kan. 597, 603, 438 P.2d 135 (1968); *Rosedale State Bank & Trust Co. v. Stringer,* 2 Kan. App. 2d 331, 332, 579 P.2d 158 (1978).

Applying these standards, we find that dismissal of this action as against defendants Earl W. Haire and Arthur Murray, Inc., was proper as there was lack of jurisdiction under either K.S.A. 60-308(*b*)(1) or 60-308(*b*)(7)(*i*). However, the court erred in dis-missing as against the defendant Chalda, Inc.

Three of the court's findings deserve special attention:

(1) The fact that Chalda solicited plaintiff's involvement by personal telephone calls is of primary importance. In *Prather v. Olson,* 1 Kan. App. 2d 142, 147, 562 P.2d 142 (1977), this court

held that solicitation by mail or by agents within a state for services to be performed in another state may be a sufficient transaction of business within the state to support in personam jurisdiction over a nonresident defendant. In this case, as in *Prather,* it is clear the solicited business was initiated through the activity of Chalda alone.

(2) The finding that defendant Chalda advertised regularly in the Kansas City newspapers, telephone directories, and through radio and television stations is of some importance. While the district court found that all such advertising originated from Kansas City, Missouri, and that plaintiff failed to show that any of the media publications or broadcasts had any effect on her business dealings with Chalda, it does not appear that such findings are conclusive in determining whether defendant's actions were sufficiently related to the forum state.

In the United States Supreme Court's most recent pronouncement on the subject, in finding a lack of minimum contacts, the court relied on the fact that the nonresident defendants "solicit no business [in the forum state] either through salespersons or through advertising reasonably calculated to reach the State." *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 295, 62 L.Ed.2d 490, 100 S.Ct. 559 (1980). The fact that the advertising in this case, although originating in Missouri, was reasonably calculated to reach Kansas residents is evident from the record. Judicial notice may be taken of the locations of Kansas City, Kansas, and Kansas City, Missouri, and that local publications and broadcasts emanating from either city may be expected to cross state boundaries. See K.S.A. 60-409(*b*)(3) and (4). The fact that defendant Chalda received substantial revenue from Kansas residents lends additional support to the conclusion that defendant's media solicitations were reasonably calculated to reach residents of this state. That plaintiff may not have been affected by such actions does not diminish the import of defendant's contacts with this forum as evidenced by such unilateral solicitations.

(3) Additionally, it is to be noted that the court found Chalda received over $40,000 in revenue from eighty-four Kansas residents during the relevant three-year period. In *Davis v. Grace,* 4 Kan. App. 2d 704, this court upheld jurisdiction of a nonresident defendant under K.S.A. 60-308(*b*)(5). While the facts of *Davis*

indicate that plaintiffs, rather than defendant, initiated the contract in dispute, the court relied on the facts that defendant regularly carried on similar business transactions with other Kansas residents; that the complaints arising from contracts with Kansas residents were completely foreseeable; and that defendant was obtaining substantial economic gain from his transactions in this state. 4 Kan. App. 2d at 713-714. Such factors are present in this case and lend support to jurisdiction under K.S.A. 60-308(b)(1).

Finally, to invoke the jurisdiction of this state in this cause would not appear to cause any substantial hardship for Chalda. Again we refer to the close geographical proximity of the two cities involved and note that defendant has failed to allege any hardship created by this state's assumption of jurisdiction. It appears that Kansas is as convenient a forum as any other. In summary, we find the personal solicitation of plaintiff by Chalda, combined with that defendant's regular efforts to attract Kansas residents, its history of carrying on business with Kansas residents, and the foreseeable consequences of doing so in the greater Kansas City area, satisfy the requirements of both K.S.A. 60-308(b)(1) and of constitutional minimum contacts.

The judgment of dismissal as to defendants Earl W. Haire and Arthur Murray, Inc., is affirmed. The judgment as to defendant Chalda, Inc., is reversed and this matter is remanded for further proceedings.