Patricia DIRKS, Plaintiff,

v.

**CARNIVAL CRUISE LINES, Defendant.**

**No. 86 1104.**

United States District Court,
D. Kansas.

Aug. 28, 1986.

James P. Johnston, Wichita, Kan., and Hugh Mauch, Great Bend, Kan., for plaintiff.

Lawrence D. Winson, Miami, Fla., and Windell G. Snow, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on a motion of defendant, Carnival Cruise Lines, Inc., for summary judgment and to dismiss, arguing primarily that this court lacks personal jurisdiction over it. Plaintiff brings her action to recover expenses, damages, and pain and suffering caused when she was served food containing a metal nail while a passenger on a ship owned and operated by defendant.

Plaintiff, Patricia Dirks, resides in Barton County, Kansas. Defendant, Carnival Cruise Lines, Inc., is a Panamanian corporation with its principal place of business at 5225 N.W. 87th Avenue, Miami, Florida. Defendant charters and conducts tours and cruises in the Caribbean, Gulf of Mexico, and Pacific Ocean. Carnival Cruise Lines, Inc. (Carnival) is not registered to do business in Kansas; does not own or lease real estate in Kansas; has not paid any business taxes or maintained an office, bank account, phone number or employees in Kansas; and has never operated ships on Kansas waters.

Carnival advertises its cruises and fares in periodicals, newspapers, and on television. These advertisements have been found in Kansas newspapers and on television broadcasted in Kansas. In response to these advertisements, plaintiff purchased tickets for a Carnival cruise from the Cheyenne Travel Agency, Inc. of Great Bend, Kansas.

The Cheyenne Travel Agency is not an exclusive agent nor has the authority to bind Carnival. As a matter of general practice, the travel agent contacts the Florida office of Carnival and obtains the booking passage for its customer. The travel agent collects the fare from its customer, deducts its commission, and transmits the balance to Carnival. After it receives the fare, Carnival issues the tickets in Florida and mails them to the travel agents along with other material for the customers. The ticket contains all the terms of the contract existing between Carnival and the passenger. The contract provides in pertinent part:

8. It is agreed by and between the passenger and the Carrier that all disputes and matters whatsoever arising under, in connection with or incident to this Contract shall be litigated, if at all, in and before a court located in the State of

Florida, U.S.A., to the exclusion of the Courts of any other state of country.

■ Defendant's first argument is that plaintiff's complaint should be dismissed for failure to allege the grounds of jurisdiction, purportedly required by Fed.R.Civ.P. 8(a)(1). A pleading must contain "a short and plain statement of the grounds upon which the court's jurisdiction depends." Fed.R.Civ.P. 8(a)(1). The court considers this provision of the federal rules as referring only to the subject matter jurisdiction of the court and not personal jurisdiction over a defendant. *See Casad, Jurisdiction in Civil Actions* ¶ 6.01(3)(a) p. 6–5 (1983). Defendant's motion to dismiss for plaintiff's failure to allege the grounds of personal jurisdiction over defendant is denied. Defendant next contends that the action should be dismissed for lack of personal jurisdiction over it.

■ Plaintiff bears the burden of making a prima facie showing that statutory and due process requirements are satisfied permitting the court to exercise personal jurisdiction over defendant. *Carrothers Const. Co. v. Quality Service & Supply,* 586 F.Supp. 134, 135–36 (D.Kan.1984). The court may consider affidavits and other documentary evidence submitted by the parties in reaching its decision. *Thermal Insulation Systems v. Ark-Seal Corp.,* 508 F.Supp. 434, 437 (D.Kan.1980). Allegations in the complaint are accepted as true to the extent they are uncontroverted by submitted affidavits. *Behagen v. Amateur Basketball Ass'n of U.S.A.,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Where there are conflicting affidavits, factual disputes are resolved in favor of plaintiff, and plaintiff's prima facie showing withstands the moving party's presentation. *Behagen,* 744 F.2d at 733. The plaintiffs are entitled to the benefit of any factual doubts. *Ammon v. Kaplow,* 468 F.Supp. 1304, 1309 (D.Kan.1979).

The Kansas Long-Arm Statute (K.S.A. 60–308) is liberally construed to achieve the state policy of asserting jurisdiction over nonresident defendants to the extent allowed by the due process clause of the Fourteenth Amendment. *Schlatter v. Mo-Comm Futures Ltd.,* 233 Kan. 324, 329, 662 P.2d 553 (1983). Provisions relevant to the case at bar state:

"(b) *Submitting to Jurisdiction-Process.* Any person whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individuals personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of these acts:

(1) Transaction of any business within this state."

K.S.A. 60–308(b)(1). While the complaint does not specify any provision of the Kansas Long-Arm Statute, plaintiff's response to the motion relies exclusively on K.S.A. 60–308(b)(1) and an interpretation and application of *Thermal Insulation Systems v. Ark-Seal Corp.,* 508 F.Supp. 434.

Before engaging in the two step analysis of determining personal jurisdiction—whether the defendant's conduct is within a provision of the Kansas Long-Arm Statute and whether the exercise of jurisdiction comports with the due process requirements—the court notes the general rule followed by courts of other jurisdictions under facts similar to the case at bar. In personal injury claims based on common-law negligence brought against an ocean liner or cruise ship in a state other than where the plaintiff embarked or disembarked, the courts have denied personal jurisdiction over the defendant cruise ships even though solicitation activities were conducted in the forum state and the cruise ticket was purchased through a travel agency in the forum state. *See Stanga v. McCormick Shipping Corporation,* 268 F.2d 544 (5th Cir.1959); *Mulhern v. Holland America Cruises,* 393 F.Supp. 1298 (D.N.H.1975); *Alfs v. Compagnie Generale Transatlantique,* 228 F.Supp. 874 (E.D.Mo.1963); *see generally Catalana v. Carnival Cruise Lines, Inc.,* 618 F.Supp.

18, 20–22 (D.Md.1984) (jurisdiction only under (b)(4)—regular business).

In *Woodring v. Hall,* 200 Kan. 597, 607, 438 P.2d 135 (1968), the Kansas Supreme Court explained that the "transaction of any business" is a determination made on a case-by-case basis. Business is "transacted within the state when an individual is within or enters this state in person or by agent and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions and to satisfy his desires." (citations omitted.) *Id.* The Kansas Supreme Court has noted three factors involved in this question of transaction of business:

"(1) (T)he nonresident must purposely do some act or consummate some transaction in the forum state; (2) the claim for relief must arise from, or be connected with, such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, consideration being given to the quality, nature and extent of the activity in a forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation."

*Schlatter v. Mo-Comm Futures, Ltd.,* 233 Kan. at 336, 662 P.2d 553, *quoting White v. Goldthwaite,* 204 Kan. 83, syl. ¶ 3, 460 P.2d 578 (1969). These factors are essentially the same considerations weighed in determining whether the exercise of jurisdiction complies with due process requirements. *Schlatter,* 233 Kan. at 337, 662 P.2d 553. The physical presence of the defendant is not a requirement of jurisdiction under K.S.A. 60–308(b)(1), but simply a factor to weigh. *Thermal Insulation,* 508 F.Supp. at 442.

In *Thermal Insulation,* plaintiff brought a diversity action seeking to recover damages for breach of contract and warranty in the purchase of an insulation machine manufactured and sold by a Colorado corporation. Plaintiff, a Kansas resident, responded to defendant's advertisement in a trade journal which was sold and distributed in Kansas. Defendant, a Colorado corporation, sent a letter and brochure regarding the machine detailing the price, delivery, and training session. Plaintiff visited Colorado, purchased the machine, and arranged for its delivery to Kansas. After the machine malfunctioned, it was returned to Colorado for repairs and then shipped back to plaintiff. From these facts, Judge Rogers found that the defendant did transact business in Kansas within the meaning of K.S.A. § 60–308(b)(1). It is apparent that Judge Rogers focused on the fact that defendant advertised in Kansas which demonstrated its clear intent to solicit business in Kansas thereby accomplishing its business purposes. *See also Odam v. Arthur Murray, Inc.,* 5 Kan.App.2d 612, 616, 621 P.2d 453 (1980), *rev. denied,* 229 Kan. 670 (1981).

Based upon these authorities, Carnival's advertising activity and sale of tickets to plaintiff and other passengers may constitute the transaction of business for purposes of K.S.A. 60–308(b)(1). In addition, Carnival achieved its purpose in realizing an economic benefit from residents of Kansas. *Thermal Insulation,* 508 F.Supp. at 442.

The more important question is whether plaintiff's cause of action arises from the defendant's transaction of business within Kansas. K.S.A. 60–308(b) specifically requires that the transaction of business must be in connection with the plaintiff's cause of action. *Schlatter,* 233 Kan. at 334, 662 P.2d 553. There must be some causal connection between the enumerated act under the long-arm statute and plaintiff's cause of action. *Grimandi v. Beech Aircraft Corp.,* 512 F.Supp. 764, 767 (D.Kan.1981). In an action by French citizens to recover damages arising out of an airplane crash which occurred in France, the court found personal jurisdiction over the manufacturer of a replacement engine, stating:

*But for* defendant's transaction of business within the State of Kansas, a defec-

tive line of engines would not have been incorporated in and certified for use with the Beech 99, a PT6 engine would not have been installed as replacement engine, and the crash in France probably would not have occurred. The plaintiff's causes of action if proved, thus flow from and are connected with defendant's transaction of business in Kansas. (emphasis supplied.)

512 F.Supp. at 767.

In the present case the relevant question as to causal connection is whether plaintiff's injury from the negligent preparation and service of food would not have occurred *but for* defendant's advertising activities and mailing of tickets to plaintiff in Kansas. The Eighth Circuit, in a similar situation, found that the connection was too tenuous between the sending of brochures to the forum state which solicited visits to Opryland and the plaintiff's negligence action for damages suffered from a fall at Opryland. *Pearrow v. National Life & Acc. Ins. Co.,* 703 F.2d 1067, 1069 (8th Cir.1983). The court concluded that plaintiff's cause of action for negligence did not arise out of the solicitation efforts in the forum state. *Id.* In another case the court held that plaintiff's negligence action for injuries suffered during ski lessons did not arise from the soliciting activities of a defendant ski resort in the forum state. *Wisselman v. Mount Snow, Ltd.,* 524 F.Supp. 78, 79–80 (E.D.N.Y.1981). *See also Gelfand v. Tanner Motor Tours, Ltd.,* 339 F.2d 317, 321–22 (2d Cir.1964) (negligence action against nonresident corporation in the business of bus tours).

The connection between Carnival's activities in Kansas and plaintiff's cause of action is too tenuous to sustain a prima facie showing of jurisdiction under K.S.A. 60–308(b)(1). Plaintiff's cause of action is based on Carnival's duty to exercise due care to its passengers. Such a duty was not owed plaintiff until she became a passenger upon the ship in California. Consequently, Carnival's duty to plaintiff did not originate from its activities in Kansas. Plaintiff's injury was the ending in a fortui-tous course of events that began with defendant's advertising of cruises and its selling of tickets. To find a causal connection between Carnival's activity and plaintiff's cause of action would require the court to indulge plaintiff with an untenable presumption of causation. Without a logical basis for finding that plaintiff's cause of action arose out of defendant's activities in Kansas, the court finds it lacks personal jurisdiction over defendant Carnival under the Kansas Long-Arm Statute.

Even if the requirements of the Kansas Long-Arm Statute were satisfied, the court would find that the exercise of jurisdiction in this case would offend the traditional notions of fair play and substantial justice. *See International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The due process clause protects individuals from being subject to the judgments of a foreign forum without a fair warning that a certain activity may bring them under the jurisdiction of that forum. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The "fair warning" requirement is met where the defendant has purposefully established minimum contacts with the forum by purposefully directing its activities at residents of the forum or by purposefully availing itself of the purposes of pursuing activities within the forum. The nature and connection of defendant's activities to the forum must be such that he should reasonably anticipate being hauled into court there. *Burger King,* 471 U.S. at 470–77, 105 S.Ct. at 2181–84, 85 L.Ed.2d at 540–543.

It is not reasonable to require defendant Carnival to anticipate that, as a result of its advertising activities and operation with travel agencies in Kansas, it would be subject to suit in Kansas for a tort which occurred on its ship. *See Mulhern v. Holland America Cruises,* 393 F.Supp. at 1303. Defendant Carnival did not engage in personal solicitation of Kansas residents. After receiving a response to an advertisement, Carnival did not deliver a product into Kansas. The ticket sent plaintiff was a contract for services which defendant

intended to perform outside of the forum state. The advertising of pleasure cruises can hardly be equated with introducing a product into the stream of commerce. While the courts have relaxed the standards for personal jurisdiction, an exercise of jurisdiction over Carnival under these facts would not comport with the due process requirements.

Since the court finds that it lacks personal jurisdiction over defendant Carnival Cruises, Inc., it is unnecessary to address the remaining issue of the effect of the venue provision in the ticket. The court has the authority to transfer a case although lacking personal jurisdiction over the defendant. 28 U.S.C. § 1406(a); *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). Since plaintiff could face a statute of limitations defense if this action were dismissed rather than transferred, the court herein grants the option to plaintiff to have this case transferred to the United States District Court for the Southern District of Florida.

IT IS THEREFORE ORDERED that if plaintiff moves the court to have this case transferred within 10 days of the filing of this order, the case will be transferred to the United States District Court for the Southern District of Florida. If no such motion is timely filed, the case will be dismissed.