**CARROTHERS CONSTRUCTION COMPANY, INC., Plaintiff,**

v.

**QUALITY SERVICE AND SUPPLY, INC., Defendant.**

**Civ. A. No. 83–2318.**

United States District Court,
D. Kansas.

June 20, 1984.

R.W. Miller, Kevin E. Glynn, Miller & Glynn, P.C., Kansas City, Mo., James M. Sheeley, Kansas City, Kan., for plaintiff.

John Huffaker, David L. LeBas, Gibson, Ochsner & Adkins, Amarillo, Tex., Edmund S. Gross, Weeks, Thomas & Lysaught, Kansas City, Kan., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, Chief Judge.

This matter is before the court on defendant's motion to dismiss for lack of personal jurisdiction and for insufficiency of service of process.

Because matters outside the pleadings were to be considered in ruling on the motion, the parties were given notice that the motion would be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

This is a breach of contract action between the general contractor and subcontractor on a construction project in Lubbock, Texas.

■ In determining whether this court has personal jurisdiction, a two-step analysis is necessary. First, the court must determine whether it has jurisdiction over the defendant under the Kansas long-arm statute, K.S.A. 60–308(b). If it does, then the court must determine whether the defendant has sufficient minimum contacts with the forum state to comport with the constitutional guarantee of due process. This determination must be made on a case-by-case basis. *Schlatter v. Mo-Comm. Futures Ltd.*, 233 Kan. 324, 662 P.2d 553 (1983).

■ When personal jurisdiction is controverted, the plaintiff need only make out

a *prima facie* showing that the two-step analysis is satisfied. *Thermal Insulation Systems v. Ark-Seal Corp.*, 508 F.Supp. 434, 437 (D.Kan.1980). The court may consider the affidavits and other documentary evidence submitted by the parties in determining whether a *prima facie* showing has been made. *Id.* Factual doubts are resolved in favor of the plaintiff. *Id.* The long-arm statute is liberally construed to reflect the policy of the state to assert jurisdiction over nonresident defendants to the extent permitted by the due process clause of the fourteenth amendment. *Schlatter*, 233 Kan. at 329, 662 P.2d 553; *Misco-United Supply, Inc. v. Richards of Rockford, Inc.*, 215 Kan. 849, 528 P.2d 1248 (1974).

The uncontroverted facts are as follows. Plaintiff, Carrothers Construction Company, Inc., was the general contractor for a wastewater facility for the city of Lubbock, Texas. Plaintiff is a Kansas corporation and is authorized to do business in the State of Texas.

Plaintiff solicited bids from subcontractors in Texas. Defendant submitted a bid to plaintiff's office in Paola, Kansas. Defendant was ultimately awarded the contract, and after preliminary negotiations the contract was executed. Plaintiff signed the contract in Paola, Kansas, and mailed the contract to defendant in Texas for signature.

During the construction, plaintiff maintained a business office in Texas. In addition to the bid and the contract, defendant corresponded with plaintiff's Kansas office at least nineteen times (including the submission of invoices for payment) and also made numerous phone calls to Kansas.

The provision of the Kansas long-arm statute that applies in this action is K.S.A. 60–308(b)(5), which provides:

(b) Submitting to jurisdiction—process: Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person, and if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

.   .   .   .   .

(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state.

Clearly, the parties entered into a contract which was to be performed in part within the State of Kansas. An essential part of any construction contract is payment for the contracted work. Plaintiff, a Kansas corporation, made payments under the contract in Paola, Kansas.

In support of its motion to dismiss for lack of jurisdiction, defendant cites the opinion of this court in *Peebles v. Murray*, 411 F.Supp. 1174 (D.Kan.1976). *Peebles* was an action brought by a Kansas-based promoter against Canadian singer Anne Murray and others, on the grounds that defendants breached a contract under which Ms. Murray was to perform at the 1975 Missouri State Fair in Sedalia, Missouri. The defendant booking agents moved to dismiss on the grounds that this court lacked long-arm jurisdiction over them. The alleged contract had been negotiated between those defendants and the Kansas plaintiff by telephone and through the mails. The plaintiff contended that long-arm jurisdiction existed pursuant to K.S.A. 60–308(b)(1), (2), and (5).

Although our opinion in *Peebles* focused on whether the defendants had "transacted business" in Kansas within the meaning of subsection (1) of the long-arm statute, it also summarily concluded that jurisdiction was not available under subsections (2) and (5). In determining whether defendants had entered "into an express or implied contract, by mail or otherwise, with a resident of this state," under subsection (5) of the long-arm statute, we stated in conclusory fashion: "Nor can the court say that the alleged contract was to be *performed* in whole or in part within Kansas since the

obvious purpose of the contract was to secure the appearance of Anne Murray at the State Fair in Sedalia, Missouri." 411 F.Supp. at 1178 (emphasis in original). It is upon the basis of this single sentence that defendants in the instant lawsuit rely.

■ We believe that the use of the above-quoted language in *Peebles* was ill-advised and erroneous, because it confuses the *purpose* of the contract with *performance* by either party under the contract. This, we believe, is not the proper analysis for determining the availability of long-arm jurisdiction under K.S.A. 60–308(b)(5). Regardless of the purpose of the contract, the requirements of subsection (5) are satisfied if the contract is "to be performed in whole or in part by either party in this state." *See Continental American Corp. v. Camera Controls Corp.*, 692 F.2d 1309 (10th Cir.1982). To the extent that *Peebles v. Murray* is inconsistent with this analysis, we decline to follow it.

■ Defendant contends that application of K.S.A. 60–308(b)(5) would not comport with the requirements of due process because it has insufficient contacts with the forum state. In exercising personal jurisdiction over a nonresident defendant, the court must determine that "minimum contacts" exist between the defendant and the forum state. *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The court must look to the "quality and nature" of the defendant's activity to determine whether it is "reasonable" and "fair" to require the defendant to present his defense in the forum state. *Kulko v. California Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). In reaffirming the minimum contacts test, the Supreme Court stated: "[I]t is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Worldwide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

■ We are of the opinion that the defendant here should reasonably have anticipated being haled into court in the State of Kansas when it entered into a contract with a Kansas corporation, requiring that invoices be sent to the Kansas corporation for payment, and the acceptance of payment from the Kansas corporation.

The contacts in this case are far more significant than those in *Continental American Corp. v. Camera Controls Corp., supra*, in which the Tenth Circuit upheld application of K.S.A. 60–308(b)(5). *See, also, Pedi Bares, Inc. v. P & C Food Markets, Inc.*, 567 F.2d 933 (10th Cir.1977). In *Continental American* the defendant, a California corporation, purchased balloons from the Pioneer Balloon Company, which was owned and operated by a Missouri corporation. Subsequent to this purchase, the plaintiff, a Kansas corporation, purchased the balloon business, including the accounts receivables. After the purchase, plaintiff notified defendant that payment should be made in Kansas. Defendant subsequently purchased more balloons from plaintiff. A dispute as to payment for the balloons arose, and defendant made two $1,000 payments to plaintiff in Kansas prior to the institution of the lawsuit. The court held that the two partial payments made to Kansas and one response by defendant to Kansas accountants constituted sufficient minimum contacts. The court reasoned that by ceasing to make partial payments, the defendant should have foreseen the possibility of being haled into court in Kansas. *Continental American*, 692 F.2d at 1314. In the instant case, defendant entered into a contract with a Kansas corporation. It should certainly have foreseen the possibility of being haled into court in Kansas in the event of a breach of that contract. The defendant submitted a bid to the plaintiff in the state of Kansas. The defendant negotiated with plaintiff through interstate communications. The defendant sent many letters, made several phone calls, and submitted a number of invoices to the Kansas corporation.

This case is clearly distinguishable from *Misco-United Supply, Inc. v. Richards of Rockford, Inc.*, 215 Kan. 849, 528 P.2d 1248 (1974), which defendant cites in support of its proposition that it does not have sufficient minimum contacts with the state of Kansas. In *Misco*, the "only actual contact defendant had with this state was by virtue of a telephone call it placed to plaintiff's office in Wichita.... In effect, plaintiff corporation merely acted as a clearing-house for what was essentially an out-of-state transaction." *Id.* at 854, 528 P.2d at 1253. Here, the defendant's contacts with the state are far more significant, and it cannot fairly be said that the plaintiff was merely acting as a clearing-house for an out-of-state transaction.

Defendant further argues that service of summons was improper in this case. It argues that Weldon McClure, the person served, was not an agent authorized to receive service of process. Plaintiff has submitted a certificate from the Secretary of State of the State of Texas showing that Weldon McClure is the designated registered agent for defendant. Therefore, service was perfected on an agent authorized by law to receive service of process.

IT IS THEREFORE ORDERED that defendant's motion to dismiss is denied.