**TRAVEL UNLIMITED, INC., Plaintiff,**

v.

**TOUCH TECHNOLOGIES, INC., Defendant.**

**Civ. A. No. 90–4124–S.**

United States District Court, D. Kansas.

Jan. 31, 1991.

Kent E. Oleen, Vogel & Oleen, Manhattan, Kan., for plaintiff.

Bradley C. Ralph, Heck & Sheppeard, P.A., Topeka, Kan., for defendant.

## MEMORANDUM AND ORDER

SAFFELS, District Judge.

This matter is before the court on defendant's motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In this action, plaintiff Travel Unlimited, Inc., a Kansas corporation, seeks to recover against defendant Touch Technologies, Inc., a Nevada corporation, on a $50,000.00 promissory note on which defendant is now allegedly in default.[1]

In evaluating a motion to dismiss for lack of personal jurisdiction, the court performs a two-step analysis. *Thermal Insulation Sys., Inc. v. Ark–Seal Corp.*, 508 F.Supp. 434, 436 (D.Kan.1980). First, the court must determine whether the defendant's conduct is within a provision of the Kansas long-arm statute. If so, the court must additionally examine whether an exercise of jurisdiction comports with constitutional requirements of due process set out in *International Shoe* and its progeny. On this question, plaintiff bears the burden of making a prima facie showing that statutory and due process requirements have been satisfied. *Carrothers Constr. Co. v. Quality Serv. & Supply, Inc.*, 586 F.Supp. 134, 135–36 (D.Kan.1984). To reach its decision, the court may consider affidavits and other documentary evidence submitted by the parties. *Thermal Insulation*, 508 F.Supp. at 437. Allegations in the complaint are accepted as true to the extent they are uncontroverted by submitted affidavits. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Where there are conflicting affidavits, factual disputes are resolved in favor of the plaintiff, and plaintiff's prima facie showing withstands the moving party's presentation. *Behagen*, 744 F.2d at 733. Thus, plaintiffs are entitled to the benefit of any factual doubts. *Ammon v. Kaplow*, 468 F.Supp. 1304, 1309 (D.Kan.1979).

The Kansas long-arm statute, K.S.A. 60–308(b), states, in relevant part, as follows:

---

1. As a matter of clarification, the court will note that plaintiff's "ANSWER TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS" (Docket no. 12), is not properly before the court because it is not one of the pleadings on motions authorized by the local rules, *see* D.Kan. 206(b), and no permission of the court to file this pleading was either sought or granted. Thus, this pleading will be disregarded by the court. Further, the court finds that defendant's request for transfer pursuant to 28 U.S.C. § 1404 is not properly before the court since it was raised only in defendant's reply memorandum (and accordingly, was not briefed by the plaintiff). Thus, defendant's request for transfer will not be ruled upon at this time.

Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from doing any of these acts:

(1) Transaction of any business within this state;

(5) Entering into an express or implied contract by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this State.

In its motion, defendant contends that it has not had sufficient contacts with the state of Kansas to support this court's exercise of personal jurisdiction over it in this matter. Specifically, defendant contends that plaintiff's complaint is defective in that it insufficiently alleges facts relating to personal jurisdiction. The promissory note, attached to plaintiff's complaint as "Exhibit 'A'," shows on its face only a date of May 8, 1989 and a place of Irvine, California. Defendant asserts that the note does not on its face contain any reference to the plaintiff's purchase of defendant's stock which, defendant argues, is unrelated to the execution of the note.

In response, plaintiff asserts that an exercise of personal jurisdiction is proper under either the "transacting business" or the "entering into a contract" prongs of the Kansas long-arm statute, K.S.A. 60–308(b)(1) or 60–308(b)(5), respectively. Plaintiff contends that defendant's contacts with this forum are as follows. First, plaintiff contends that in the spring of 1989, the defendant corporation, through its agents, solicited plaintiff to invest capital in the corporation. In an affidavit attached to its response, Mark A. Gowdy, plaintiff's president and majority shareholder, states that the solicitation occurred in the state of Kansas. The means of solicitation are not stated either in the affidavit or the exhibits attached to plaintiff's response; presumably such solicitation occurred by mail. As a result of defendant's solicitation, plaintiff purchased 50,000 shares of stock in defendant Touch Technologies, Inc. In his affidavit, Gowdy states that the stock purchase and the promissory note were "part of the same transaction." He also states that J. David Gowdy, an officer and director of Touch Technologies, Inc., initiated the contact with plaintiff concerning the purchase of the stock and the making of the note. In its complaint, plaintiff also alleges that defendant sent a payment on the note to plaintiff in Kansas.

The court finds that when factual doubts are resolved in plaintiff's favor, as they must be on a motion to dismiss, *Ammon,* 468 F.Supp. at 1309, plaintiff has met its burden of making a prima facie case that the Kansas long-arm statute has been met in this case. Specifically, the court finds that personal jurisdiction is proper under K.S.A. 60–308(b)(5), because, if the facts are as plaintiff alleges, defendant, through its agent (J. David Gowdy),[2] entered into a contract for plaintiff to purchase 50,000 shares of defendant's stock and for the $50,000 promissory note (which, given the Affidavit of Mark Gowdy, the court will regard as essentially one transaction). This contract was to be performed in part in Kansas by virtue of plaintiff's payments for the stock and issuance of the loan and defendant's return of the stock certificate and payments on the loan to plaintiff in Kansas. The promissory note provided

---

**2.** In its reply brief, defendant asserts that J. David Gowdy, the person with whom plaintiff directly dealt, was not its authorized agent. Defendant also presents an affidavit from James R. Leavy, Director of Touch Technologies, Inc., stating that J. David Gowdy did not hold the position he purported to hold (or in fact any position with defendant), on May 8, 1989 when the note was executed and that he had no authority to execute the note. The court finds that

the issue of J. David Gowdy's authority requires further factual development and submissions to the court. Rather than accede to defendant's request for an evidentiary hearing at this time, the court will entertain further motions from defendant directed at this issue, either in the form of a Rule 12(b) motion, if appropriate, or in the form of a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.

that payments should be made "at such place as Holder may designate;" "Holder" is defined in the note to mean plaintiff, defined therein as a Kansas corporation. Under these facts, the court finds that some portion of the parties' contract was to be performed in this state. *See FDIC v. Culver*, 640 F.Supp. 725, 727 (D.Kan.1986) (minimum contacts sufficient under K.S.A. 60–308(b)(5) where promissory note provided that payments were to be made to plaintiff's "offices," which were located in Kansas). *See also Ammon*, 468 F.Supp. at 1310.

 Once long-arm jurisdiction is established, the court must decide if this exercise of personal jurisdiction would violate constitutional guarantees of due process. The key concern under due process is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980) (citations omitted). In determining if it is fair to subject a nonresident defendant to suit in the forum state, the court must consider the "quality and nature" of the defendant's activity. *Kulko v. California Superior Court*, 436 U.S. 84, 92, 98 S.Ct. 1690, 1696, 56 L.Ed.2d 132 (1978). Moreover, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958) (citations omitted).

As supported by Mark Gowdy's Affidavit, which the court must regard favorably in considering a Rule 12(b)(2) motion to dismiss, *Behagen*, 744 F.2d at 733, the court finds that the defendant's contacts with Kansas include soliciting the stock purchase by, and the loan issuance from, plaintiff, a Kansas corporation, and sending solicitations, the stock certificate and a loan payment into Kansas in furtherance of this transaction. In this case, the court finds that defendant could be deemed well aware of plaintiff's Kansas connection and thus, could reasonably anticipate being haled into court in Kansas in connection with this transaction. The court thus finds that defendant's contacts (all of which, given that the facts are viewed in the light most favorable to the plaintiff at this point, are related to the promissory note on which this suit is based) are sufficient to constitute "purposeful availment" for due process purposes. Thus, based upon the evidence and the arguments presented to the court thus far, the court finds that it is reasonable and fair to require defendant to defend this case here.

IT IS BY THE COURT THEREFORE ORDERED that defendant's motion to dismiss is hereby denied.