**Sophia FARR, Violet Farr, Kevin Farr, Kelly Farr, Walter J. Stotler, Jr., Cathy Stotler, Francis Wellnitz, Mary M. Wellnitz, M.W. Markley, Dema Marsh, Marlene Markley, Walter Markley, Marcia Guard, Donald G. Guard, Don DeLong and Mary Lou DeLong, Plaintiffs,**

v.

**DESIGNER PHOSPHATE AND PREMIX INTERNATIONAL, INC., Tim Tobiason, Emil Tobiason, Wayne Loseke, Terry Vavrina, Kenneth Bach, Daniel Kellner, James Kellner, Thomas Kaiser, LaVine Kumm, Todd Tobiason, Donald Jacobson, Thomas Mrkvicka and Charles W. Allphin, III, Defendants,**

v.

**Lloyd FARR, Third Party Defendant.**

No. 90–4180–S.

United States District Court, D. Kansas.

Nov. 12, 1991.

Michael E. Francis, Thomas J. Wilder, Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for plaintiffs.

Joseph R. Colantuono, Polsinelli, White, Vardeman & Shalton, Overland Park, Kan., Darren R. Carlson, Walentine & O'Toole, Omaha, Neb., Weston A. Sechtem, Robert J. Bjerg, Miller Law Firm, Kansas City, Mo., Rudolph H. Beese, Richmond M. Enochs, Wallace, Saunders, Austin, Brown & Enochs, Overland Park, Kan., Joe Rebein, Shook, Hardy & Bacon, Kansas City, Mo., Barbara A. Harmon, Shook, Hardy & Bacon, Overland Park, Kan., David Lee Heinemann, Robert O. Lesley, Stinson, Mag & Fizzell, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on motions to dismiss by defendants Emil Tobiason, Wayne Loseke, Don Jacobson, and Todd Tobiason (Doc. 105), defendants Terry Vavrina, Kenneth Bach, Daniel Kellner, James Kellner, Thomas Kaiser, LaVine Kumm, and Thomas Mrkvicka (Doc. 136), and defendant Charles Allphin ("Allphin") (Doc. 124). Defendants Terry Vavrina, Kenneth Bach, Daniel Kellner, James Kell-ner, Thomas Kaiser, LaVine Kumm and Thomas Mrkvicka also request dismissal for lack of subject matter jurisdiction and failure to allege the claims with particularity. In the alternative, these same defendants request transfer of the case to the District of Nebraska.

The issue of personal jurisdiction was previously before this court on defendants Emil Tobiason and Wayne Loseke's motion to dismiss. In a Memorandum and Order filed March 27, 1991, this court allowed the plaintiffs to amend their complaint because it did not make clear the basis for jurisdiction over each defendant. Defendants were given leave to renew their motion to dismiss for lack of personal jurisdiction once the complaint had been amended.

The first amended complaint states that this court has personal jurisdiction over all of the plaintiffs pursuant to K.S.A. 60–308(b)(2), and, in addition, over defendants Designer Phosphates and Premix International ("DPPI"), Tim Tobiason, and Charles Allphin under federal statutes subjecting them to nationwide service of process. As stated in this court's previous order, for defendants properly served under federal law, the jurisdictional analysis must be one of due process minimum contacts under the Fifth Amendment. For those defendants served under the Kansas long-arm statute, the court must do a statutory jurisdictional analysis under K.S.A. 60–308(b) and a Fourteenth Amendment due process minimum contacts analysis. Neither DPPI nor Tim Tobiason have filed motions to dismiss for lack of personal jurisdiction. Therefore, the court's analysis will be under the Kansas long-arm statute and the Fourteenth Amendment for each defendant except Charles Allphin for whom the court must only establish minimum contacts under the Fifth Amendment due process clause, Allphin having been served under the federal statute conferring nationwide service of process. The jurisdiction of this court over Charles Allphin will be addressed separately later in the opinion.

## KANSAS LONG–ARM STATUTE

The Kansas statute reads in pertinent part:

Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:

....

    (2) commission of a tortious act within this state....

In the plaintiffs' first amended complaint they allege that "[a]ll of the defendants were aware that DPPI and the Designer Companies were selling stock to Kansas residents, and all of the defendants acquiesced in such sales." Later in the complaint, plaintiffs allege the defendants knew or should have known of misstatements or omissions made by other defendants.

The Kansas Supreme Court has addressed the circumstances under which non-resident defendant directors have submitted to the jurisdiction of Kansas courts. In *Schlatter v. Mo–Comm Futures, Ltd.*, 233 Kan. 324, 662 P.2d 553 (1983), the court analyzed whether two name-only, non-participating directors transacted business or committed a tortious act in Kansas. The plaintiffs were Kansas residents and the directors were both residents of Missouri. The plaintiffs purchased in Kansas some shares of stock in a limited partnership. The corporation was the general partner in the limited partnership. The plaintiffs alleged that biographical information about the defendants was published in the preorganization subscription agreement that went out to potential investors, and that the defendants knew about the publication. The plaintiffs brought a lawsuit for damages under the Kansas securities laws.

The *Schlatter* court made the following finding:

    While defendants were lax in not assuming their duties as directors and in allowing their appointment and continuation as directors when they obviously had no control or say in the management of the corporation, we cannot say that such nonfeasance constitutes the doing of business or commission of a tortious act in Kansas. 662 P.2d at 561.

Therefore, the court found the directors had committed no affirmative act in the state related to the sale of securities by which the court could find it had personal jurisdiction over the defendant directors. 662 P.2d at 563. The court further noted that jurisdiction over the corporation did not confer personal jurisdiction over the directors. 662 P.2d at 561.

■ In the present case, the plaintiffs only allege the defendant directors were aware of the sale of securities in Kansas and that they acquiesced in such sales. Under *Schlatter*, such nonfeasance is not enough to subject the defendant directors to personal jurisdiction under the Kansas long-arm statute. While the plaintiffs must only make a prima facie showing of jurisdiction at this stage of the litigation, *Carrothers Constr. Co. v. Quality Serv. & Supply*, 586 F.Supp. 134, 135–36 (D.Kan. 1984), the court finds that plaintiffs have not met their burden of establishing that this court has personal jurisdiction over the defendants. The letters to which plaintiffs cite to establish that the directors took an active role in the sale of securities are too vague to give rise to an inference that each individual director's actions satisfy the requisite minimum contacts with this forum. There is no indication who the board members were at the time the letters were written, what the board members' involvement consisted of, and whether the board members were even at the stockholders' meetings referred to in the letters. Further, it is not clear that the letters were even written during the time frame the cause of action leading to this lawsuit arose. Thus, the court is left merely with allegations that the defendant directors knew about and acquiesced in the sale of securities in Kansas. Such nonfeasance was not enough to subject the defendants in *Schlatter* to the jurisdiction of the court and it is not enough here.

Accordingly, the court finds it has no personal jurisdiction under the Kansas

long-arm statute, K.S.A. 60–308(b)(2), over defendants Emil Tobiason, Wayne Loseke, Don Jacobson, Todd Tobiason, Terry Vavrina, Kenneth Bach, Daniel Kellner, James Kellner, Thomas Kaiser, LaVine Kumm, and Thomas Mrkvicka.[1] Because there can be no jurisdiction over the defendants under the Kansas long-arm statute, there is no need to proceed to a constitutional due process minimum contacts analysis.[2]

### DEFENDANT CHARLES ALLPHIN

█ In analyzing whether defendant Charles Allphin is subject to this court's jurisdiction, the court may consider affidavits and other documentary evidence submitted by the parties. *Thermal Insulation Sys. v. Ark–Seal Corp.*, 508 F.Supp. 434, 437 (D.Kan.1980). Allegations in the complaint are accepted as true to the extent they are uncontroverted by submitted affidavits. *Behagen v. Amateur Basketball Ass'n*, 744 F.2d 731, 733 (10th Cir. 1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Where there are conflicting affidavits, factual disputes are resolved in favor of the plaintiff, and plaintiff's prima facie showing withstands the moving party's presentation. *Behagen*, 744 F.2d at 733. Thus, the plaintiffs are entitled to the benefit of any factual doubts. *Ammon v. Kaplow*, 468 F.Supp. 1304, 1309 (D.Kan.1979).

█ As stated in this court's previous opinion, if the defendant is properly served under a federal statute's nationwide service of process provision, the analysis is then one of Fifth Amendment due process minimum contacts. The factors which must be considered include:

(1) the burden imposed upon defendant by litigation in the forum state; (2) defendant's reasonable expectation and the foreseeability of litigation in the forum state; (3) plaintiff's interest in convenient and effective relief; (4) the federal judicial system's interest in efficiently resolving controversies; and (5) the forum state's interest in having a court, within the forum state, adjudicate the dispute. *Landmark II*, 674 F.Supp. at 325 (citation omitted).

The court finds Charles Allphin was properly served under the federal statute. Among other things, the plaintiffs allege Allphin participated in a board meeting encouraging consolidation of DPPI and sale of securities; Allphin failed to register the common and preferred stock and then used interstate commerce and the mails to sell the unregistered securities in violation of federal law; and Allphin used interstate commerce and the mails to sell and deliver the securities, which were not preceded or accompanied by a prospectus in violation of federal law.

The court must then turn to the Fifth Amendment due process minimum contacts analysis, with due consideration of the factors enumerated above. The burden on the defendant Allphin to litigate in Kansas is not a decisive factor. This case consists of Kansas plaintiffs and Nebraska defendants. Based upon argument by the defendants, most of the witnesses will be from Nebraska. All defendants have employed local counsel who must travel to Nebraska for the purposes of discovery. The burden is the same for plaintiffs' counsel who must also travel to Nebraska for part of the discovery. If the litigation were to take place in Nebraska, however, the plaintiffs would be inconvenienced. Therefore, the court finds this is not a decisive factor. Allphin's reasonable expectation and foreseeability of having to litigate in Kansas as

---

1. Because of the court's disposition on the motion to dismiss, the other issues raised by defendants Terry Vavrina, Kenneth Bach, Daniel Kellner, James Kellner, Thomas Kaiser, LaVine Kumm and Thomas Mrkvicka will not be addressed.

2. The plaintiffs argue that the result in *Schlatter* should be contrasted to the result in *Wichita Fed. Sav. & Loan v. Landmark Group, Inc.*, 674 F.Supp. 321 (D.Kan.1987) (*Landmark II*).

Plaintiffs' reliance on *Landmark II* is misplaced, however, because jurisdiction under federal statutory nationwide service of process was established and the court was performing the Fifth Amendment due process analysis. In *Schlatter* the court determined jurisdiction could not be established under the Kansas long-arm statute, a prerequisite to finding jurisdiction for defendants served under the Kansas statute.

a major factor in determining whether the exercise of jurisdiction over him comports with traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The first amended complaint alleges Allphin, at a board meeting in Nebraska, encouraged the Kansas plaintiffs to buy shares of stock. It is also alleged that Allphin sold and delivered unregistered securities in interstate commerce and through the mails without being preceded or accompanied by a prospectus. Allphin's alleged activities with a company he knew was selling securities in Kansas, make it reasonably foreseeable that he could be haled into court in Kansas.

In addressing the third factor regarding whether litigating in Kansas will further the plaintiffs' interest in convenient and effective relief, the court must look at whether the plaintiff will be able to join all parties in one suit. *Landmark II,* 674 F.Supp. at 326. Having already determined that 11 of the 14 defendants must be dismissed for lack of personal jurisdiction, this factor weighs against litigating in Kansas. Although the plaintiffs' choice of forums is entitled to consideration, the plaintiffs' claims cannot be fully litigated in Kansas. This factor is closely connected to the fourth factor regarding the federal judicial system's interest. Exercising jurisdiction over defendant Allphin would not promote an efficient resolution of the controversy, because 11 of the defendants are not subject to this court's jurisdiction.

Finally, this court must address Kansas' interest in adjudicating the dispute. All of the plaintiffs are Kansas residents and have alleged, among other claims, violation of the state's securities laws. Plaintiffs contend Kansas law will be applied to the common law claims against Allphin, while defendants contend Nebraska law must be applied to some of the claims. The court does not deem it necessary to herein decide the conflict of laws question. Nebraska may well have some interest in adjudicating the dispute, but there is no question Kansas has an interest in protecting its residents from violations of the state securities laws. It should be noted, however, that Kansas' interest may be best served by having the action adjudicated in Nebraska, since 11 of the defendants against whom violation of state securities laws have been alleged are being dismissed from this action. Therefore, the alleged violations would be more fully addressed in a forum which has jurisdiction over all of the defendants.

■ The court finds that when considered as a whole, it is proper to decline to exercise jurisdiction over defendant Charles Allphin. This court has already found 11 of the defendants are beyond the court's jurisdiction. Although Allphin could reasonably foresee being haled into court in Kansas, it would not facilitate efficient adjudication of the dispute nor further this state's interest to exercise personal jurisdiction. Accordingly, defendant Charles Allphin will be dismissed from this action.

IT IS BY THE COURT THEREFORE ORDERED that the motion to dismiss defendants Emil Tobiason, Wayne Loseke, Don Jacobson, and Todd Tobiason for lack of personal jurisdiction is granted (Doc. 105).

IT IS FURTHER ORDERED that the motion to dismiss defendants Terry Vavrina, Kenneth Bach, Daniel Kellner, James Kellner, Thomas Kaiser, LaVine Kumm, and Thomas Mrkvicka for lack of personal jurisdiction is granted (Doc. 136).

IT IS FURTHER ORDERED that the motion to dismiss defendant Charles Allphin is granted (Doc. 124).

IT IS FURTHER ORDERED that defendant Donald Jacobson's motion to dismiss the plaintiffs' first amended complaint as to Jacobson is denied as moot (Doc. 222).