552 P.2d 520 (1976)
Guy DUCKWORTH, Plaintiff-Appellant,
v.
M. M. COLE PUBLISHING CO., an Illinois Corporation, and Shepard Stern, Individually as an officer of said corporation, Defendants-Appellees.
No. 75-479.
Colorado Court of Appeals, Div. II.
June 3, 1976.
Rehearing Denied June 24, 1976.
Certiorari Denied August 3, 1976.
Davies & Saint-Veltri, Leonard E. Davies, Susan Kauffman, Denver, for plaintiff-appellant.
Burton, Crandell & Polumbus, Ralph F. Crandell, Denver, for defendants-appellees.
Selected for Official Publication.
ENOCH, Judge.
Guy Duckworth initiated an action for declaratory judgment and recision of a contract in the district court in Colorado against M. M. Cole Publishing Co., an Illinois corporation (Cole). Finding that the exercise of jurisdiction over Cole pursuant to the Colorado long-arm statute, § 13-1-124, C.R.S.1973, was impermissible, the court dismissed the action. Duckworth appeals, and we reverse.
Duckworth, a professor of music, was first contacted at his home in Denver by an agent of Cole in a long distance telephone call from Chicago, to discern whether Duckworth would be interested in preparing a series of piano manuscripts for publication by Cole. Duckworth expressed interest, and the parties agreed to meet in O'Hare Airport in Chicago, as Duckworth would be stopping there en route to another location. After further meetings at O'Hare Airport a contract was prepared by Cole and sent to Denver for Duckworth's *521 signature. Although Duckworth signed the contract in Colorado and mailed it to Illinois, the contract states that it was signed in Chicago, Illinois. It was understood by the parties that the manuscripts were to be prepared by Duckworth at his residence in Denver and submitted to Cole's offices in Chicago for publication. After problems developed between the parties concerning the interpretation of the contract, two agents of Cole visited with Duckworth in Denver to discuss the problems.
Cole asserts, and the trial court so found, that the totality of contacts did not meet the requirements for the exercise of jurisdiction under the Colorado long-arm statute. We do not agree.
Since the district court's decision, the Colorado Supreme Court has established a three-pronged test to determine whether, under Colorado law, the exercise of personal jurisdiction over a non-resident defendant would offend traditional notions of fair play and substantial justice. This test, as enunciated in Van Schaack & Co. v. District Court, Colo., 538 P.2d 425, requires that (1) the defendant must purposely avail himself of the privilege of acting in Colorado or of causing important consequences here; (2) the cause of action must arise from the consequences in Colorado of the defendant's activities; (3) the activities of the defendant or the consequences of those activities must have a substantial enough connection with Colorado to make the exercise of jurisdiction over the defendant reasonable. See also Vista Financial Corp. v. Tucker, Colo.App., 544 P.2d 643, cert. granted, February 2, 1976.
Utilizing this test we determine that the trial court erred in deciding that the defendant did not have sufficient contacts with the State of Colorado for the assumption of in personam jurisdiction. First, Cole initiated the contacts with the plaintiff at his residence in Colorado, and solicited the resultant contract. The parties intended that Duckworth create the manuscripts in Colorado and thus, Cole caused important consequences in this state. Second, Cole's initial activities in Colorado induced Duckworth into entering into the contract. Thus, the cause of action, an alleged breach of contract, arose from the consequences of Cole's activities in Colorado. Third, the fact that Cole's activities caused a resident of Colorado to enter into a contract where the parties intended that the resident perform his portion of the contract in Colorado creates a substantial enough connection with this state to make the exercise of jurisdiction over the defendant reasonable. In connection with this third portion of the test we note that in Van Schaack & Co. v. District Court, supra, the Supreme Court cited with approval State of Oregon Ex Rel. White Lumber Sales, Inc. v. Sulmonetti, 252 Or. 121, 448 P.2d 571, where the Oregon Supreme Court upheld the exercise of jurisdiction over a Florida corporation even though the only contact that corporation had with Oregon was a telephone order to an Oregon corporation for the purchase of lumber.
Judgment reversed and the cause is remanded with directions to reinstate the complaint and for further proceedings consistent with the views herein expressed.
RULAND and STERNBERG, JJ., concur.