**Michael J. BERRIGAN, Plaintiff,**

v.

**SOUTHEAST HEALTH PLAN, INC., an Alabama Corporation; and Southeast Health Plan of Louisiana, Inc., a Louisiana Corporation, Defendants.**

**No. 87–1578–K.**

United States District Court,
D. Kansas.

Dec. 31, 1987.

Kaplan, McMillan & Harris, Wichita, Kan., for plaintiff.

Morris, Laing, Evans, Brock & Kennedy, Chartered, Wichita, Kan., for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This matter is before the court on defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction. The plaintiff, a Kansas resident, brought this action against the defendants for breach of an employment contract. Defendants argue that merely soliciting plaintiff in Kansas for employment, when they do no other business in Kansas, is insufficient to support jurisdiction either under the Kansas long arm statute or under the minimum contact requirements of the due process clause of the United States Constitution. For the reasons set forth herein, the court finds it has personal jurisdiction over defendants, and so the motion will be denied.

Michael Berrigan was hired by defendant Southeast Health Plan, Inc., an Alabama corporation, and Southeast Health Plan of Louisiana, Inc., a Louisiana corporation, as executive director of Southeast Health Plan of Louisiana, Inc., in early 1987. At the time he was hired, and at all times since, Mr. Berrigan was a resident of Andover, Kansas. (Berrigan Aff., ¶ 1.)

Mr. Berrigan was first contacted in connection with this job by Furst Group of Chicago, a screening firm acting as defendants' agent. Thereafter, plaintiff received numerous phone calls from George Salem, chief executive officer of Southeast Health Plan, Inc., in which Mr. Salem attempted to induce plaintiff to accept a position with defendant. (Berrigan Aff., ¶¶ 3–5.) Plaintiff was interviewed in Birmingham, Alabama, and in Baton Rouge, Louisiana. As a result of the interviews, plaintiff was offered the position of executive director. Plaintiff returned to Kansas with the employment contract, and after further telephone negotiations plaintiff executed the contract in Kansas and then returned it through the mail to defendant in Louisiana (¶ 17).

According to defendants' brief in support of their motion, the plaintiff, after being hired, "then moved to Baton Rouge, Louisiana to assume the position as executive director of Southeast Health Plan, Inc. Up

to the time of his termination on May 1, 1987, Michael Berrigan worked in Baton Rouge, Louisiana and was paid in Baton Rouge, Louisiana by Southeast Health Plan of Louisiana, Inc. After his termination, Mr. Berrigan moved back to the Wichita, Kansas area and initiated immediate litigation." (Defs.' Brief at p. 3.) However, plaintiff has submitted an affidavit in which he states that he never moved from Kansas (¶ 1), although he maintained an apartment in Louisiana; that defendants were aware that he would not be able to relocate until May of 1988 (¶ 7); and that defendants understood that plaintiff would be performing part of his duties while in Kansas (¶¶ 8, 10, 11, 13 & 14). Defendants also agreed to pay plaintiff's travel expenses to and from Kansas (¶ 9).

In considering jurisdictional questions, a two-step analysis is applied. *Cunningham v. Subaru of America, Inc.*, 631 F.Supp. 132, 134 (D.Kan.1986). First, it must be determined whether the defendants' conduct falls within the scope of service authorized by the forum state's long arm statute; and second, it must be determined whether defendants' contact with the forum state is sufficient to satisfy the "minimum contact" requirements of constitutional due process as set forth in *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). When existence of jurisdiction is controverted, the burden of proof is on the plaintiff to demonstrate jurisdiction is present. The plaintiff, however, need only make out a *prima facie* case that the constitutional and statutory requirements for the assumption of personal jurisdiction are satisfied. *Behagen v. Amateur Basketball Assn.*, 744 F.2d 731 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985); *Hoffman v. United Telecommunications, Inc.*, 575 F.Supp. 1463, 1469 (D.Kan.1983). The allegations in the pleadings and in any affidavits must be viewed in the light most favorable to plaintiff, and all factual doubts must be resolved in plaintiff's favor.

In this case, plaintiff asserts long arm jurisdiction pursuant to K.S.A. 60–308(b)(1) & (5). Although plaintiff's original complaint specifies only subsection (1), he is not required to plead personal jurisdiction. *See Dirks v. Carnival Cruise Lines*, 642 F.Supp. 971, 973 (D.Kan.1986).

The relevant sections of the Kansas long arm statute provide as follows:

> Any person whether or not a citizen or resident of this state who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of these acts:
>
> (1) Transaction of any business within this state;
>
> . . . .
>
> (5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state;

The long arm statute reflects legislative intention to exert jurisdiction over nonresident defendants to the extent permitted by the due process clause of the Fourteenth Amendment. *Misco–United Supply, Inc. v. Richards of Rockford, Inc.*, 215 Kan. 849, 851, 528 P.2d 1248 (1974).

In order for subsection (1) of the long arm statute to apply, plaintiff must show that (1) defendants purposefully did some act or consummated some transaction in Kansas; and (2) the claim for relief arises from, or is connected with, such act or transaction. *White v. Goldthwaite*, 204 Kan. 83, 88, 460 P.2d 578 (1969). The Kansas Supreme Court has stated that "[i]n a broad sense, 'business' is transacted within the state when an individual is within or enters this state ... and, through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions, and satisfy his desires." *Woodring v. Hall*, 200 Kan. 597, Syl. ¶ 8, 438 P.2d 135 (1968).

Subsection (5) was enacted to broaden the effect of the long arm statute by permitting the exercise of personal jurisdiction

over a nonresident defendant based solely on the making or performance of a single contract within this state. Under subsection (5), "[r]egardless of the purpose of the contract, the requirements ... are satisfied if the contract is 'to be performed in whole or in part by either party in this state.'" *Carrothers Const. Co. v. Quality Service & Supply,* 586 F.Supp. 134, 137 (D.Kan. 1984).

■ Although nothing in the employment contract at issue in the case at bar *required* plaintiff to partially perform in Kansas, it was understood by both parties that plaintiff would do part of his work at his Kansas residence. Arguably, then, the contract was "performed in part" in this state. As such, subsection (5) of the Kansas long arm statute is satisfied.

This court recently considered the application of subsection (5) in *Green Country Crude, Inc. v. Avant Petroleum, Inc.,* 648 F.Supp. 1443, 1449 (D.Kan.1986). In that case, the contract at issue required that the seller, Green Country Crude, deliver a certain kind of oil to a pipeline facility in Oklahoma. Green Country was a Kansas corporation, but the contract had been negotiated entirely in Oklahoma and required performance (delivery of oil) in Oklahoma. Although the contract did not specify that Kansas oil be used, plaintiff filled the order with Kansas oil. When defendant Avant later breached the contract, Green Country brought suit in this court asserting jurisdiction over defendant pursuant to subsection (5). This court found that the contract was not "partially performed" in Kansas by virtue of plaintiff purchasing oil to fill the order in Kansas because "that activity by plaintiff was not anticipated or required by the contract itself. At best, under these facts plaintiff's purchases of Kansas oil were unilateral activities *in preparation for* performance of the contract which, significantly, occurred in Oklahoma." 648 F.Supp. at 1449. In contrast, Berrigan's activity in Kansas was anticipated when the contract was entered. Further, plaintiff's acts were performance of the contract itself and not mere unilateral acts in preparation for performance as in *Green*

*Country.* Thus, *Green Country* is not dispositive of this case.

■ Even if the court were to conclude that under subsection (5) the parties' "understanding" about place of performance is irrelevant, and that only the language of the contract itself can be considered, this court could still assert jurisdiction under subsection (1) since defendants transacted business in Kansas when they solicited plaintiff for employment.

Defendants argue that no business was transacted in Kansas because defendants placed only two phone calls to plaintiff, one inviting him to interview and one inviting him to come to Alabama to negotiate the details of the contract. Generally, if a plaintiff is hired to work in another state, jurisdiction is denied if the defendant's only contacts with the forum are by phone or mail, and the active negotiation of the contract occurs in another state. *See* Casad, ¶ 8.11[2][b]; *Cassell v. Loyola Univ.,* 294 F.Supp. 622 (E.D.Tenn.1968) (no jurisdiction in Tennessee, where Tennessee student recruited by nonprofit Louisiana university to play football in Louisiana, and no performance contemplated in Tennessee; contacts were by phone and mail; contract was signed by student in Tennessee).

However, according to plaintiff's affidavit, the telephone "negotiations" in this case were more significant than the defendants have portrayed. Plaintiff states that "between November 5, 1986 and January 19, 1987, numerous phone conversations took place between myself, Mr. Robert Clark and Mr. George Salem of the defendant companies ..." (Aff., ¶ 3), and "negotiations took place between myself and defendants, resulting in an executed contract, not only in Louisiana but by telephone and correspondence from defendants to my residence in Kansas, ..." (Aff., ¶ 17.) For purposes of this motion, the court must accept the plaintiff's version of the facts.

Although there are no Kansas cases which are factually similar to the case at bar, the Kansas Supreme Court has stated that jurisdiction may be asserted under subsection (1) when: (1) the nonresident has purposefully done some act or consum-

mated some transaction in Kansas; (2) the claim for relief arises from, or is connected with, this act or transaction; and (3) the assumption of jurisdiction by this state does not offend traditional notions of fair play and substantial justice. *White v. Goldthwaite,* 204 Kan. at 88, 460 P.2d 578. The long arm statute is to be liberally construed.

In *Garrett v. Ruth Originals Corp.,* 456 F.Supp. 376 (S.D. Ohio 1978), the Ohio district court found in a case factually similar to the case at bar that the defendant had "transacted any business" within Ohio. In that case, the plaintiff, an Ohio resident, had been contacted via telephone by a New York company and asked to apply for a job with the company. The plaintiff then went to New York to interview, and the contract was negotiated in New York although the salary was not settled until a later phone call between plaintiff in Ohio and defendant in New York. Thereafter, plaintiff moved to New York, and that is where the contract was performed. In a subsequent action for breach of the employment contract, the defendant challenged the jurisdiction of the Ohio court. The court concluded that the defendant had transacted business in Ohio, stating: "The defendant affirmatively contacted the plaintiff in the forum state, offering a position which it knew would require the plaintiff to leave his former employment." 456 F.Supp. at 381. The court further found that its assertion of jurisdiction did not offend traditional notions of fair play and substantial justice. In so holding, the court found it to be unimportant that defendant had never been physically present in the state since it had "reached into" the state via telephone and then "extracted" one of the state's residents. Physical presence is also not required in Kansas; it is just one factor to be considered. *See Green Country,* 648 F.Supp. at 1449.

In this case, the defendants' contacts with Kansas are even more significant than in *Garrett.* First, just as in *Garrett,* the defendants actively solicited plaintiff in Kansas and, further, some part of the contract negotiations were actually conducted over the phone into the forum state. Sec-

ond, and this goes beyond the facts of *Garrett,* the defendants knew plaintiff would remain a resident of Kansas and would partially perform the contract in Kansas. Many courts, which have found that mere solicitation of a plaintiff for employment in the forum is insufficient contact to confer jurisdiction, have stated that the outcome would have been different if the plaintiff would have partially performed the contract in the forum. *See Lyons Mfg. Co., Inc. v. Gross,* 519 F.Supp. 812, 816 (S.D.Ga.1981) ("[T]he Court would have acquired personal jurisdiction over defendant if he had performed some service under the employment contract in Georgia."); *see also Davis v. P.M. Video,* 532 F.Supp. 1012 (D.Mass.1982); *Cassell v. Loyola Univ.,* 294 F.Supp. 622. *Contra White v. Shiller Chemicals, Inc.,* 379 F.Supp. 101 (D.R.I.1974) (Although the majority of plaintiff's duties were to be performed in Rhode Island, these duties did not relate specifically to Rhode Island residents, and the court concluded, without any discussion or mention of a long arm statute, that "standing alone the employment contract, which is at the heart of this case, is not sufficient to subject the defendant to the jurisdiction of the state of Rhode Island.").

Another case which is factually similar to the case at bar is *Duckworth v. MM Cole Publishing,* 38 Colo.App. 33, 552 P.2d 520 (1976). In *Duckworth,* the plaintiff was contacted via telephone by an out-of-state company and asked if he would be interested in preparing certain manuscripts for publication. The contract was negotiated outside the forum state; however, it was understood that plaintiff would do the actual work in his forum state. The court found that there was sufficient "contact" within the forum state to justify the assertion of jurisdiction. *See also Barile v. Univ. of Virginia,* 2 Ohio App.3d 233, 441 N.E.2d 608 (1981) (defendant had transacted business in forum by recruiting plaintiff for an athletic scholarship); *Hahn v. Vermont Law School,* 698 F.2d 48, 51 (1st Cir.1983) ("The purposeful actions of [the Vermont Law School] in mailing to Hahn in

Massachusetts the application information and an acceptance letter were sufficient, without more, to constitute transacting business under the broadly construed Massachusetts long arm statute.").

Because the defendants did initiate contact with plaintiff in this state, and because they understood that plaintiff would partially perform in Kansas, the court concludes that defendants "purposefully did some act in Kansas," thereby satisfying the first prong of the *White v. Goldthwaite* test.

The second prong of this test—requiring that the claim for relief arise from this transaction—is clearly satisfied in this case. The defendants sought out plaintiff for employment, and plaintiff is now suing for breach of the employment contract.

■ Determining whether the third prong of the test is met requires a consideration of the due process requirements. In order to satisfy the due process requirements, it must be shown that "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985). Also, the court must determine whether it is "fair" to subject a nonresident defendant to suit in the forum state by considering the quality and nature of the defendant's activity in the forum state. *Kulko v. Calif. Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1696–97, 56 L.Ed.2d 132 (1978). Moreover, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Although defendant's physical presence in the forum state is not required for the assertion of jurisdiction, in defining circumstances under which a potential defendant should reasonably anticipate out-of-state litigation, physical contacts provide a clue to the significance attached by the defendant to the activities occurring within the forum state, and thus a clue to his expectations. The lack of actual presence is therefore significant but by no means dispositive. It is but one factor to be weighed.

In *Wright v. Frank E. Basil, Inc. of Delaware,* No. 85–1372–K (D.Kan. Oct. 30, 1985) [Available on WESTLAW, 1985 WL 12777], this court found that the constitutional requirements of minimum contacts were satisfied in a case brought against an out-of-state employee for breach of the employment contract. In *Wright,* plaintiff was a Kansas resident who read a solicitation for employment by defendant in a Los Angeles newspaper which he had purchased at a Kansas bookstore. After reading the solicitation, plaintiff sent his resumé to the defendant in Washington, D.C. In response, defendant telephoned plaintiff in Kansas several times. Defendant then sent to plaintiff in Kansas an offer for employment for a position in Saudi Arabia. Plaintiff accepted the contract for employment but was later terminated. He brought suit in Kansas for wrongful termination. This court found that the minimum contact requirements were satisfied because defendant had directed the employment contract into Kansas and had then entered into an employment contract with a Kansas resident.

In this case, when the defendants reached into this state to contact Berrigan, then entered a contract with Berrigan which was partially performed in Kansas, it seems reasonable that they should have anticipated being haled into court in Kansas if this contract was breached. Although defendants do no other business in Kansas, they did do business with and through Berrigan in Kansas, and so they "purposefully availed" themselves of the privilege of conducting activities within this state. Thus, the court concludes that the constitutional due process requirements are satisfied.

IT IS ACCORDINGLY ORDERED this 31 day of December, 1987, that defendants' motion to dismiss for lack of personal jurisdiction is denied.