SOURCE ASSOCIATES, INC., Plaintiff,

v.

SUNCAST GROUP, et al., Defendants.

Civ. A. No. 88–2360.

United States District Court,
D. Kansas.

March 6, 1989.

Jan Fink Call, Stinson, Mag & Fizzell, Overland Park, Kan. Christopher S. Shank, John J. Miller, Kansas City, Mo., for plaintiff.

Loeb H. Granoff, Rich, Granoff, Levy & Gee, Kansas City, Mo., James E. Phelan, Lind & Phelan, Kansas City, Kan., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants' motion to dismiss for lack of personal jurisdiction. Fed.R.Civ.P. 12(b)(2). The court has determined that oral argument would not be of assistance in the determination of defendants' motion. D. Kan. Rule 206(d). In evaluating a motion to dismiss for lack of personal jurisdiction, several well-established principles must be followed. As the Tenth Circuit has explained:

> The plaintiff bears the burden of establishing personal jurisdiction over the defendant.... Prior to trial, however, when a motion to dismiss for lack of

jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.... The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits.... If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party....

*Behagen v. Amateur Basketball Ass'n.,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) (citations omitted). In the present case, the parties have presented conflicting affidavits; therefore, the court must resolve in plaintiff's favor the factual disputes raised by these conflicting affidavits. Accordingly, for the purposes of this motion, the following facts guide the court's analysis.

Defendants, through their agent in Kansas, Ken Hornung, solicited plaintiff's business. Although Mr. Hornung initiated the contact with plaintiff, he eventually removed himself from the negotiations, and defendants and plaintiff began dealing with each other directly, with phone calls and other communications being initiated by both defendants and plaintiff. On at least two separate occasions, defendants orally offered to sell goods to plaintiff; plaintiff orally accepted defendants' offers and sent purchase orders to confirm acceptance.

A two-step analysis is necessary to determine if this court has personal jurisdiction over the defendants. The court must first determine whether it has jurisdiction under the Kansas long-arm statute, K.S.A. 60–308(b). If long-arm jurisdiction is established, the court must then decide if the exercise of personal jurisdiction would violate the constitutional guarantee of due process. *Hall v. National Basketball Ass'n,* 651 F.Supp. 335, 337 (D. Kan.1987). This latter determination must be made on a case-by-case basis. *Carrothers Construction Co. v. Quality Service & Sup-*

*ply, Inc.,* 586 F.Supp. 134, 135 (D. Kan. 1984). The Kansas long-arm statute provides in part:

> Any person, whether or not a citizen or a resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts:
>
> (1) Transaction of any business within this state....

K.S.A. 60–308(b). The long-arm statute has been liberally construed to the limits of due process. *Carrothers,* 586 F.Supp. at 136.

 Once long-arm jurisdiction is established, the court must then decide if the exercise of jurisdiction would violate the constitutional guarantee of due process. The key concern under due process is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). In determining if it is fair to subject a nonresident defendant to a suit in the forum state, the court must consider the "quality and nature" of the defendant's activity. *Kulko v. California Superior Court,* 436 U.S. 84, 92, 98 S.Ct. 1690, 1697, 56 L.Ed.2d 132 (1978). Moreover, there must be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958).

Turning to the first step of the analysis, the court must determine if the Kansas long-arm statute is applicable in this case to extend service of process over the nonresident defendants. The plaintiff argues taht the long-arm statute applies to defendants because the defendants transacted business with plaintiff in Kansas (K.S.A.

60–308(b)(1)).[1]

In order for subsection (b)(1) to apply, plaintiff must show that (1) defendants purposefully did some act or consummated some transaction in Kansas; and (2) the claim for relief arises from, or is connected with, such act or transaction. *White v. Goldthwaite*, 204 Kan. 83, 88, 460 P.2d 578, 582 (1969). "Transacting business" occurs when the defendant, "through dealing with another within the state, effectuates or attempts to effectuate a purpose to improve his economic conditions." *Woodring v. Hall*, 200 Kan. 597, 607, 438 P.2d 135, 144 (1968).

■ Plaintiff has established the existence of both factors. By having their agent, Ken Hornung, contact plaintiff for purposes of soliciting plaintiff's purchase of merchandise from defendants, defendants purposefully did some act in Kansas. *See, e.g., Berrigan v. Southeast Health Plan*, 676 F.Supp. 1062, 1065 (D. Kan. 1987); *Grimandi v. Beech Aircraft Corp.*, 512 F.Supp. 764, 766 (D. Kan.1981); *Thermal Insulation Systems, Inc. v. Ark–Seal Corp.*, 508 F.Supp. 434, 442 (D. Kan.1980); *Prather v. Olson*, 1 Kan.App.2d 142, 147, 562 P.2d 142, 146 (1977). Since defendants' solicitation of plaintiff's business resulted in plaintiff contracting with defendants to purchase certain merchandise, and the plaintiff's cause of action arises out of defendants' alleged breach of the contracts, plaintiff also satisfies the second factor for personal jurisdiction under subsection (b)(1).

■ Having determined that the Kansas long-arm statute is applicable to the defendants, the court must now determine whether the exercise of personal jurisdiction over these defendants would violate due process as guaranteed by the fourteenth amendment. A three-prong test is used to evaluate whether a nonresident defendant has sufficient minimum contacts with the forum to extend limited jurisdiction over the nonresident:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposely avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

*Rambo v. American Southern Insurance Co.*, 839 F.2d 1415, 1419 n. 6 (10th Cir. 1988); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir.1984), *cert. denied*, 471 U.S. 1066, 105 S.Ct. 2143, 85 L.Ed.2d 500 (1985).

Plaintiff has made a sufficient showing that the above three-prong test is met in this case. First, defendants purposefully availed themselves of the privilege of conducting activities in Kansas by allowing Ken Hornung to act as their soliciting agent in the state. *See, e.g., Thermal Insulation Systems*, 508 F.Supp. at 443; *see also, Berrigan*, 676 F.Supp. at 1067.[2] Second, as stated above, plaintiff's cause of action arises from defendants' solicitation activities in Kansas: the defendants' solicitation resulted in the contracts which plaintiff is alleging defendants breached. Third, the court is convinced that exercising personal jurisdiction over the defendants under the circumstances of this case is reasonable. *See, e.g., Berrigan*, 676

---

**1.** Plaintiff also argues that this court may assert personal jurisdiction over defendants under K.S.A. 60–308(b)(5) (defendants entered into contracts with plaintiff), and under K.S.A. 60–308(b)(2) (defendant Goldman made fraudulent misrepresentations to plaintiff). Because the court finds plaintiff has established a prima facie showing under subsection (b)(1), the court will not address plaintiff's arguments regarding subsections (b)(5) and (b)(2).

**2.** The defendants rely heavily on *Green Country Crude, Inc. v. Avant Petroleum, Inc.*, 648 F.Supp. 1443 (D. Kan.1986) to rebut plaintiff's arguments that their actions meet both subsection (b)(1)'s "purposeful act" and due process' "purposeful availment" requirements. Because *Green Country Crude* involved a vendor/seller's attempt to assert jurisdiction over a nonresident buyer, while in this case the buyer is attempting to assert jurisdiction over a nonresident vendor/seller, the court finds *Green Country Crude* distinguishable and therefore unconvincing.

F.Supp. at 1067; *Thermal Insulation Systems*, 508 F.Supp. at 443; *Prather*, 1 Kan. App.2d at 147, 562 P.2d at 146.

IT IS THEREFORE ORDERED that defendants' motion to dismiss for lack of personal jurisdiction is denied.