Robert M. ETIENNE, Plaintiff,

v.

WOLVERINE TUBE, INC., Defendant.

No. 98–2010–JWL.

United States District Court,
D. Kansas.

July 10, 1998.

Gregory M. Dennis, Richard W. Noble, The Noble Group, P.C., Brendan J. Donelon, Kansas City, MO, for Plaintiff.

M. Todd King, Douglas M. Towns, Jones, Day, Reavis & Pogue, Atlanta, GA, Henry R. Cox, Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

By this diversity action, plaintiff seeks damages for breach of an employment contract. On June 2, 1998, the court, by written memorandum and order, denied in its entirety defendant's motion to dismiss the action for lack of personal jurisdiction, lack of venue, and failure to state a claim, or alternatively for transfer of venue. This matter is presently before the court on defendant's motion for reconsideration of the court's order as it relates to the issue of personal jurisdiction or, in the alternative, for certification for interlocutory appeal of that issue (Doc. 20). Defendant has also moved for a stay pending reconsideration or appeal (Doc. 18). For the reasons set forth below, the court denies both motions.

Whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Hancock v. City of Oklahoma City,* 857 F.2d 1394, 1395 (10th Cir. 1988). In exercising that discretion, courts in general have recognized three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest

injustice. *See Marx v. Schnuck Markets, Inc.,* 869 F.Supp. 895, 897 (D.Kan.1994) (citations omitted); D. Kan. Rule 7.3 (listing three bases for reconsideration of order); *see also Anderson v. United Auto Workers,* 738 F.Supp. 441, 442 (D.Kan.1990) (motion to reconsider appropriate when the court has obviously misapprehended a party's position, the facts, or the applicable law, or when a party introduces new evidence that could not have been obtained through the exercise of due diligence).

■ Defendant argues that the court's decision on jurisdiction constitutes clear error. Specifically, defendant argues that jurisdiction does not lie under the Kansas long-arm statute and due process where, as here, (1) the defendant did not physically enter the state, (2) the contract was not to be performed in Kansas, (3) the defendant's contacts with the plaintiff in Kansas were limited, and (4) the contacts arose from the plaintiff's initial solicitation of the defendant. In arguing that the court committed clear error in effecting a contrary result in this case, defendant cites three cases from this district in which jurisdiction was found wanting in such circumstances. *See Finance & Mktg. Ass'n Int'l, Inc. v. He–Ro Group, Inc.,* 975 F.Supp. 1429 (D.Kan.1997); *Thompson v. Chambers,* 804 F.Supp. 188 (D.Kan.1992); *Green Country Crude, Inc. v. Avant Petroleum, Inc.,* 648 F.Supp. 1443 (D.Kan.1986).

The court does not agree that it committed clear error here. Defendant has not presented any new arguments in its present motion, but instead has simply re-hashed the arguments raised previously, which the court fully addressed in denying the motion to dismiss. The court thus reaffirms its prior reasoning. As explained more fully in the prior order, defendant purposefully directed its activities into Kansas to further its own interests. Contrary to the picture it has attempted to paint, defendant was not dragged kicking and screaming into the state. Thus, its contacts with Kansas were not merely random or fortuitous, and jurisdiction is proper in this forum under the applicable law.

■ Nor is the court persuaded by the three cases cited by defendant. First, those cases do not establish the black-letter rule urged by plaintiff, namely that a Kansas court has no jurisdiction where the four facts listed above are present. Rather, jurisdiction "must be decided on the particular facts of each case." *Kuenzle v. HTM Sport–Und Freizeitgerate,* 102 F.3d 453, 456 (10th Cir. 1996). As explained in the prior order, the particular facts here establish that defendant purposefully directed its activities at the forum.

In addition, the three cases cited by defendant are not "very similar" to this one because they did not involve the negotiation and execution of an employment contract by means of communications into Kansas. The only such cases decided under the Kansas long-arm statute actually support a finding of jurisdiction here. The court cited Judge Kelly's 1985 decision in *Wright v. Frank E. Basil, Inc.,* 1985 WL 12777 (D.Kan. Oct.30, 1985), which is directly on point, in its prior order. Defendant suggests that Judge Kelly must have changed his position by virtue of his later opinion in *Green Country Crude,* a 1986 case. That case, however, did not involve an employment contract, and so does not undermine Judge Kelly's reasoning in *Wright.* Moreover, after his opinion in *Green Country Crude,* Judge Kelly reaffirmed and followed *Wright* in *Berrigan v. Southeast Health Plan, Inc.,* 676 F.Supp. 1062 (D.Kan.1987), which also involved an employment contract.

Therefore, because the court's decision is in line with the most relevant precedent, the court cannot conclude that its finding of jurisdiction here constitutes clear error.

Defendant also argues that the court's decision gives rise to a manifest injustice. The court rejects this basis for reconsideration as well. As discussed in the prior order, defendant has not shown that the exercise of jurisdiction here would be so unreasonable as to offend due process. Accordingly, the court denies defendant's motion for reconsideration.

■ Defendant has also moved for certification of this issue for interlocutory appeal

under 28 U.S.C. § 1292(b). The court denies this request.

 Section 1292(b) provides that a court of appeals may, in its discretion, permit an interlocutory appeal if the district court judge has stated that an order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* Certification under this section is within the discretion of the district court. *See Swint v. Chambers County Commission,* 514 U.S. 35, 47, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995).

Here, defendant again relies on the three cases cited in its briefs. As explained above, however, the court's decision is consistent with the only other cases addressing personal jurisdiction under the Kansas long-arm statute in the context of an employment contract. Thus, defendant has not shown that there is a substantial ground for a difference of opinion with respect to this issue, and the court concludes in its discretion that defendant is not entitled to the certification it seeks. Moreover, the court believes that certification of this issue would likely be futile in light of the Tenth Circuit's demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances.

Because the court has denied defendant's motion for reconsideration or certification, defendant's motion for a stay is now moot, and the motion is denied as such.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration or for certification for interlocutory appeal (Doc. 20) is denied.

**IT IS FURTHER ORDERED THAT** defendant's motion for a stay pending reconsideration or appeal (Doc. 18) is denied as moot.

**IT IS SO ORDERED.**